UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

MADISON KING; K.S., by and through
her next friend MATT STEWARD; D.K.,
by and through her next friend TOM
KOSTEN; and JANE DOE, by and through
her next friend JOHN DOE,

        Plaintiffs,

v.

CHAD CURTIS; LAKEWOOD PUBLIC
SCHOOLS; THE LAKEWOOD PUBLIC
SCHOOLS BOARD OF EDUCATION;
and JAMES ROES 1-10,

        Defendants.
_____/

Case No. 1:14-cv-00403-JTN

Hon. Janet T. Neff

Douglas E. Fierberg (P76429)
Joshua D. Sheffer (P66083)
James McCullen (P63022)
BODE & GRENIER, L.L.P.
*Attorneys for Plaintiffs*
Ninth Floor, Connecticut Building
1150 Connecticut Avenue, N.W.
Washington, D.C. 20036-4129

105 East Philip Street
Post Office Box 121
Lake Leelanau, MI 49653
Telephone: 231-256-7068

Charles N. Ash, Jr. (P55941)
Joe Sadler (P71829)
WARNER NORCROSS & JUDD LLP
*Attorneys for Defendant Chad Curtis*
900 Fifth Third Center
111 Lyon Street, N.W.
Grand Rapids, MI 49503-2487
Telephone: 616-752-2000

---

**CHAD CURTIS' MOTION TO ADJOURN DEPOSITIONS AND RESET DEADLINES
AND
FOR WITHDRAWAL OF COUNSEL**

Defendant Chad Curtis and his counsel, Warner Norcross & Judd, hereby move this

Court to enter an order permitting the withdrawal of Warner Norcross & Judd as Mr. Curtis'

counsel and adjourning Plaintiffs' depositions for a limited period of time.  In support of these requests, movants state as follows:

1. Defendant Chad Curtis is a prisoner of the State of Michigan.  He is currently incarcerated on charges related to the subject matter of the instant lawsuit.

2. Mr. Curtis was sued by Plaintiffs in this matter on April 11, 2014.  Warner Norcross & Judd appeared for Mr. Curtis and filed an answer on June 24, 2014.  The initial Scheduling Conference was held on July 23, 2014.  Plaintiffs allegedly completed their initial disclosures at the end of September, despite such disclosures being due on August 23.  No discovery has been served on Mr. Curtis.

3. On September 25, 2014, counsel met with Mr. Curtis to discuss, *inter alia*, his interest in proceeding *pro se* in this action.  He was apprised by counsel of the potential consequences of such election.  On October 8, 2014, Mr. Curtis advised the undersigned counsel of his desire that counsel withdraw so that he may proceed *pro se*.  Counsel promptly advised the other parties of Mr. Curtis' election and sought consent for a quick, orderly withdrawal.

4. The Plaintiffs consent to the withdrawal of Warner, Norcross, but have advised that they object to Mr. Curtis proceeding *pro se*.  The right of an individual to *pro se* representation has been safeguarded by Congress under 28 U.S.C. 1654, which provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."; *White v Emergency Med, Billing & Coding Co*., 2013 Dist. Lexis 122293 (E.D. Mich. 2013) ("Congress has recognized that a litigant . . . retains the right to act as her own counsel. 'The statutory right to proceed pro se reflects a respect for the choice of an individual citizen to plead his or her own cause.'").

5. The Plaintiffs have hinted that their objection is based on the potential difficulty in coordinating discovery efforts with Mr. Curtis in light of his incarcerated status. This is not a basis for denying Mr. Curtis his right to *pro se* representation. Incarcerated persons regularly appear *pro se* in federal courts, and the Plaintiffs knew that Mr. Curtis was incarcerated when they sued him.

6. The Plaintiffs will be the key witnesses on virtually every issue raised by the Complaint. The Plaintiffs' depositions were noticed by the Lakewood Defendants for various days during the week of November 3, 2014, but without consulting with the Plaintiffs, who have since indicated unavailability on those dates. The deadline to request a pre-motion conference for any summary judgment motion is November 20, 2014. Accordingly, the Lakewood Defendants have expressed a desire to complete depositions no later than early November, while at the same time objecting to moving the November 20th date.

7. Mr. Curtis desires to participate in these depositions. Upon counsel's information and belief, he intends to petition this Court for permission to either attend the depositions personally, or to participate via videoconference. He will also need some time to prepare for those depositions, which at this point have no firm date.

8. The Lakewood Defendants have also refused to consent to Warner Norcross & Judd's withdrawal on the basis that it will impact discovery, but they created the current discovery logjam by noticing Plaintiffs' depositions without consultation and then refusing to consent to modification of the scheduling order. Given this situation, some delay is inevitable, and allowing Mr. Curtis time to prepare for depositions will not prejudice Plaintiffs or the Lakewood Defendants. Moreover, any alleged prejudice is better handled in the context of

Mr. Curtis' upcoming Motion to Participate at Depositions, rather than as an objection to counsel's withdrawal.

9. The burden that Warner Norcross & Judd must meet for withdrawal is not great. It need only establish that its withdrawal will not have a "material adverse effect on the interests of the client" or, even if it does, for other good cause. *Brandon v. Blech*, 560 F.3d 536 (6th Cir. 2009). Nothing has happened in this case other than exchange of initial disclosures, and discovery is open for five more months. Mr. Curtis will not be materially prejudiced by the withdrawal, which he desires and consents to after consultation.[1]

10. Conversely, the Lakewood Defendants must establish "severe prejudice" to their interests in order to contest Warner Norcross & Judd's withdrawal. *Brandon*, 560 F.3d at 538; *Trebilcott v. 451 Props., LC*, 2009 U.S. Dist. Lexis 86307 (W.D. Mich. 2009). Discovery is open for nearly half a year longer, no depositions have taken place, and initial disclosures have only recently been completed. The Lakewood Defendants cannot reasonably establish any prejudice, much less the severe type of prejudice that the Sixth Circuit requires.

11. Mr. Curtis accordingly requests that the Court enter an order providing the depositions of the Plaintiffs may not occur until January 1, 2015. This should give Mr. Curtis sufficient time to prepare for the depositions and for the Court to entertain and rule on his requests for personal participation in the depositions.

12. In order to prevent prejudice to any party seeking to file summary judgment motions, Mr. Curtis also requests that the deadline for requests for pre-motion hearings be moved back until at least February 1, 2015.

---

[1] There are other concerns that militate in favor of withdrawal under *Brandon*, which may require divulging attorney-client privileged communications. In light of the permissive standard for withdrawal, Warner Norcross & Judd does not believe such disclosures are necessary for purposes of this Motion. However, if the Court believes otherwise, Warner Norcross & Judd requests an *in camera* conference with the Court to discuss these concerns.

13. The Plaintiffs concur in the relief requested with respect to adjourning the depositions from their currently noticed time during the week of November 3. They object to having to "coordinate with Curtis' ability to get out of jail for depos." Again, as set forth above, this is better dealt with as an objection to Mr. Curtis' forthcoming Motion and not this one.

14. The Lakewood Defendants object on the grounds of delay. Discovery does not close until next April, and has barely even begun. The only possible source of prejudice is the November deadline for filing a request for pre-motion conference – which the Lakewood Defendants *object to moving*. There is simply no prejudice to a 60-day delay in taking the Plaintiffs' depositions.

## CONCLUSION

The Court should enter an order providing that:

- Warner Norcross & Judd is given leave to withdraw immediately as counsel for Mr. Curtis, who shall proceed *pro se*;
- the depositions of Plaintiffs may not be held until January 1, 2015, and
- the deadline for filing requests for pre-motion conferences is moved from November 20, 2014 to February 1, 2015.

Respectfully submitted,

Dated:  October 15, 2014   By:   /s/ Joe Sadler
Charles N. Ash, Jr. (P55941)
Joe Sadler (P71829)
WARNER NORCROSS & JUDD LLP
*Attorneys for Defendant Chad Curtis*
900 Fifth Third Center
111 Lyon Street, N.W.
Grand Rapids, MI  49503-2487
Telephone:  616-752-2000

5

## CERTIFICATE OF SERVICE

      Joe Sadler states that on the 15th day of October, 2014, he caused to be served the within Motion to Adjourn Depositions and Reset Deadlines and for Withdrawal of Counsel upon all attorneys of record in this cause by the electronic filing system of the Court.

                                                  /s/ Joe Sadler
                                       Joe Sadler, *Attorney for Defendant Chad Curtis*

11417713-2