UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MADISON KING, et al.,

        Plaintiffs,                      Hon. Janet T. Neff

v.                                            Case No. 1:14-CV-403

CHAD CURTIS, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiffs' Motion for Partial Summary Judgment Against Defendant Curtis on Liability. (Dkt. #122). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiffs' motion be **granted in part and denied in part**.


## BACKGROUND

In 2013, Defendant Chad Curtis was convicted of two counts of Second Degree Criminal Sexual Conduct, one count of Third Degree Criminal Sexual Conduct, and two counts of Fourth Degree Criminal Sexual Conduct. *People v. Curtis*, Case No. 318699, Opinion (Mich. Ct. App., Feb. 12, 2015). On April 11, 2014, Plaintiffs[1] initiated in this Court an action against Chad Curtis, Lakewood Public Schools, Lakewood Public Schools Board of Education, and ten unidentified individuals. The Lakewood Defendants and the ten unidentified individuals subsequently asserted a third-party claim for indemnification against Professional Contract Management, Inc. (PCMI). With respect to Defendant

---

[1] There are four plaintiffs in this matter. Defendant Curtis was criminally convicted of sexually assaulting three of the Plaintiffs. Curtis was not charged with criminal conduct as to the fourth Plaintiff.

Chad Curtis, Plaintiffs have asserted two claims: (1) intentional infliction of emotional distress and (2) battery. Plaintiffs now move for partial summary judgment against Curtis asserting that they are entitled to judgment as to liability on these claims.

## ANALYSIS

As the Sixth Circuit has observed, "[t]he Supreme Court has long recognized that a prior criminal conviction may operate as collateral estoppel in a subsequent civil proceeding." *Aliakbarkhananfjeh v. Schramm*, 1999 WL 801590 at *2 (6th Cir., Sept. 27, 1999) (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). When a party in a federal court action seeks to afford "preclusive effect to a state court judgment, the federal court must apply the law of the state in which the prior judgment was rendered in determining whether and to what extent the prior judgment should be given preclusive effect in a federal action." *Potts v. Hill*, 77 Fed. Appx. 330, 334 (6th Cir., Oct. 2, 2003) (citations omitted).

Under Michigan law, the doctrine of collateral estoppel "bars parties from relitigating issues that have already been litigated and decided." *State Farm Fire & Casualty Co. v. Samphere*, 2010 WL 3895365 at *1 (Mich. Ct. App., Oct. 5, 2010). The application of collateral estoppel is appropriate if the following three elements are satisfied: (1) "a question of fact essential to the judgment must have been actually litigated and determined by a valid and final judgment"; (2) "the same parties must have had a full [and fair] opportunity to litigate the issue"; and (3) "there must be mutuality of estoppel." *Monat v. State Farm Ins. Co.*, 677 N.W.2d 843, 846 (Mich. 2004) (citations omitted). Mutuality of estoppel requires "that in order for a party to estop an adversary from relitigating an issue that party must have been a party, or in privy to a party, in the previous action." *Id.* The term "cross-over estoppel" is

used when an issue adjudicated in a criminal proceeding is claimed to be precluded in a subsequent civil action. *See People v. Gates*, 452 N.W.2d 627, 630 (Mich. 1990).

While there does not exist an abundance of Michigan authority on the topic of cross-over estoppel, it appears that Michigan law does permit such.[2] *See, e.g., Taylor v. Powell*, 2010 WL 4340626 at *3 (E.D. Mich., Oct. 27, 2010) (citing Michigan authority); *People v. Trakhtenberg*, 826 N.W.2d 136, 141 (Mich. 2012) (observing, but not endorsing, that "[s]everal Court of Appeals opinions" have permitted cross-over estoppel in a civil action asserted subsequent to a criminal action). The question, therefore, becomes whether its application in the present circumstance is appropriate. In addressing this issue, the Court will separately address (1) the three plaintiffs (Plaintiffs King, K.S., and Jane Doe) whom Curtis was convicted of sexually assaulting and (2) the fourth plaintiff (Plaintiff D.K.) regarding whom no criminal charges were asserted.

A. Plaintiffs King, K.S., and Jane Doe

1. Intentional Infliction of Emotional Distress (IIED)

To prevail on a claim of IIED under Michigan law, the plaintiff must establish the following elements: (1) defendant's extreme and outrageous conduct; (2) defendant's intent or recklessness; (3) causation; and (4) the severe emotional distress of the plaintiff. *Ghannam v. Weiss*, 2013 WL 3025143 at *1 (Mich. Ct. App., June 18, 2013). Plaintiffs have not identified (and the Court

---

[2] Plaintiffs cite to *Waknin v. Chamberlain*, 653 N.W.2d 176 Mich. 2002), for the proposition that the burden of proof in a criminal trial is greater than that in a civil matter. While true, this observation does not speak to whether the application of collateral estoppel is, under the present circumstances, appropriate under Michigan law. *Waknin* did not concern the application of collateral estoppel, or any other preclusion doctrine, but instead addressed the propriety of introducing in a civil action the fact of the defendant's prior criminal conviction. *Id.* at 177. This is a completely different issue than that presented by Plaintiff's motion for partial summary judgment.

has not located) any Michigan authority undertaking a cross-over estoppel analysis in the context of a civil action for IIED asserted subsequent to a criminal conviction for criminal sexual conduct.

         a.       Extreme and Outrageous Conduct

In the context of an IIED claim, "extreme and outrageous conduct" has been defined as conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Yost v. Paychex, Inc.*, 1998 WL 1989811 at *16 (Mich. Ct. App., Sept. 29, 1998) (quoting Restatement Torts, 2d. § 46); *see also*, *Garretson v. City of Madison Heights*, 407 F.3d 789, 799 (6th Cir. 2005) (citing Michigan law). When presented with an IIED claim, "it is initially for the court to determine whether the defendants' conduct reasonably may be regarded as so extreme and outrageous as to permit recovery." *Yost*, 1998 WL 1989811 at *17; *see also*, *Garretson*, 407 F.3d at 799. However, "where reasonable persons may differ," the question whether a defendant's actions constitute extreme and outrageous conduct is a matter for the jury to resolve. *Yost*, 1998 WL 1989811 at *17; *see also*, *Garretson*, 407 F.3d at 799.

Were the Court tasked with defining Michigan law, it would likely find the conduct in question to be sufficiently "extreme and outrageous." It must be remembered, however, that the Court's role in this matter is to simply apply, rather than establish, Michigan law. In this respect, the Court notes that Plaintiffs have failed to identify any Michigan authority holding or even suggesting that the conduct in question satisfies this standard. Moreover, there is Michigan authority holding that where an IIED claim is based upon a forced sexual assault, that whether such conduct is sufficiently extreme and outrageous is a matter for the jury to resolve. *See McCalla v. Ellis*, 341 N.W.2d 525, 528 (Mich. Ct.

App. 1983) ("[t]he question of whether Ellis' rape of plaintiff was sufficiently outrageous and extreme as to render him liable for intentional infliction of emotional distress is a matter of determination by the trier of fact"). Plaintiffs' argument that they are entitled to relief because Defendant Curtis was convicted of committing despicable acts, while understandable, nevertheless fails to advance their position in this instance.

        b.        Intent or Recklessness

In the context of an IIED claim, intent concerns whether the defendant intended to subject the victim to severe emotional distress. *See Garretson*, 407 F.3d at 799. Whether Curtis intended to inflict severe emotional distress was not an element of any of the crimes of which he was convicted. *See* Mich. Comp. Laws §§ 750.520c, 750.520d, and 750.520e. Because this element was not litigated previously, Plaintiffs are not entitled to relief as to this element.

The Court notes that recklessness in this context has been defined as conduct "so reckless that any reasonable person would know emotional distress would result." *See Garretson*, 407 F.3d at 799. Again, how the Court might resolve this particular question were it tasked with defining Michigan law is not relevant. Rather, the question is whether there exists Michigan law establishing as a matter of law that Curtis' conduct satisfies this element. In this respect, the Court again notes that Plaintiffs, who bear the burden on this question, have failed to identify Michigan authority supporting their position.

c. Severe Emotional Distress and Causation

Plaintiffs' severe emotional distress was not an element of the crimes of which Curtis was convicted. *See* Mich. Comp. Laws §§ 750.520c(1)(b), 750.520d(1)(e), and 750.520e(1)(f). Because this particular issue was not litigated in Curtis' criminal trial, Plaintiffs' are not entitled to relief as to these particular elements.

2. Battery

Under Michigan law, battery is defined as "the wilful and harmful or offensive touching of another person which results from an act intended to cause such contact." *Smith v. Stolberg*, 586 N.W.2d 103, 105 (Mich. Ct. App. 1998). Where an adult engages in sexual activity with a minor, the "intent to injure or harm can be inferred as a matter of law." *Linebaugh v. Berdish*, 376 N.W.2d 400, 405 (Mich. Ct. App. 1985). Likewise, where an adult engages in sexual activity with a minor, harm to the minor is also inferred as a matter of law. *See Allstate Ins. Co. v. Granger*, 2003 WL 22092716 at *2 (Mich. Ct. App., Sept. 9, 2003) ('[o]ur Legislature, by criminalizing sexual relations with minors, determined that harm results to underage persons who engage in sexual intercourse whether they consent to the act or not"). Defendant Curtis' criminal conduct, therefore, establishes that he subjected the Plaintiffs to a harmful or offensive touching as a result of intentional conduct. Accordingly, the undersigned recommends that Plaintiffs King, K.S., and Jane Doe, based on Curtis' criminal conviction, have established the elements of this claim.

Related to Plaintiffs' battery claims is the issue of consent, specifically whether Defendant Curtis is permitted to assert in this action consent as a defense to such claims. This issue was addressed during the October 26, 2015 hearing on Plaintiffs' motion. Plaintiffs argued that Defendant

Curtis is precluded, as a matter of law, from asserting consent as a defense to battery. The Lakewood Defendants and Defendant PCMI did not take a position on this question, but instead were concerned that resolution of Plaintiffs' motion not unfairly restrict their ability to conduct relevant discovery. The Court asked the parties to submit supplemental briefing on the topic. In their supplemental pleading, the Lakewood Defendants argued, in part, that "even if estoppel principles preclude Curtis from claiming consent as a tort defense, the facts underlying the criminal assaults are particularly relevant for a jury to assess Plaintiffs' credibility and potential damages." Defendants correctly noted that Plaintiffs had failed to identify Michigan authority holding that the defense of consent was unavailable in the present circumstance and, moreover, that resolution of this particular consent issue had resulted in inconsistent rulings in different jurisdictions.

Having considered the parties' various submissions, the undersigned recommends that Defendant Curtis be precluded from asserting the alleged consent of his victims as a defense to the claims of battery asserted herein.[3] Consent is an affirmative defense. *See, e.g., American Transmission, Inc. v. Channel 7 of Detroit, Inc.*, 609 N.W.2d 607, 613 (Mich. Ct. App. 2000). As such, it must be asserted in the party's answer. *See* Fed. R. Civ. P. 8(c). Defendant Curtis did not assert the affirmative defense of consent in his answer to Plaintiffs' complaint. While Curtis asserted in his response to the present motion for summary judgment that there exists "a genuine dispute" regarding consent, the Court finds that this statement is insufficient to put Plaintiffs on notice that Curtis seeks to assert a defense of consent. Moreover, even if this statement were sufficient to put Plaintiffs on notice, Curtis' assertion in this regard is untimely. Accordingly, the Court finds that Defendant Curtis has waived the opportunity

---

[3] The Court has no opinion regarding the concern expressed by the Defendant PCMI and the Lakewood Defendants concerning the scope of discovery in this matter as such is not properly before the Court.

to assert the victim's alleged consent as a defense to Plaintiffs' battery claims. Moreover, even if Defendant Curtis had not waived the defense of consent, the Court finds that such is precluded in the present circumstances.

As is well recognized, consent is not a defense to charges of criminal sexual conduct with a minor. *See People v. Duenaz*, 854 N.W.2d 531, 538 (Mich. Ct. App. 2014). This represents a determination by the Michigan legislature that a minor is incapable of consenting to sexual activity with an adult. Defendant Curtis has identified no authority permitting a defendant to assert as a defense to a battery claim a circumstance, specifically the victim's consent, which the Michigan legislature has determined is legally impossible. The Court, therefore, concludes that the defense of consent is unavailable to Defendant Curtis in this matter. This is certainly consistent with the authority identified above holding that where an adult engages in sexual activity with a minor, the intent to harm as well as harm to the victim is inferred as a matter of law regardless of "consent." *See Linebaugh v. Berdish*, 376 N.W.2d 400, 405 (Mich. Ct. App. 1985) (when an adult engages in sexual activity with a minor, the "intent to injure or harm can be inferred as a matter of law"); *Allstate Ins. Co. v. Granger*, 2003 WL 22092716 at *2 (Mich. Ct. App., Sept. 9, 2003) ('[o]ur Legislature, by criminalizing sexual relations with minors, determined that harm results to underage persons who engage in sexual intercourse whether they consent to the act or not").

In sum, for the reasons articulated herein, the undersigned recommends that Plaintiffs' motion be denied as to their IIED claim, but granted as to their battery claim.

B.  Plaintiff D.K.

In support of her motion for summary judgment, Plaintiff D.K. is not relying on the application of collateral estoppel to establish liability. Rather, Plaintiff D.K. has submitted an affidavit, unrefuted by Defendant Curtis, in support of her allegations. The assertions in D.K.'s affidavit are insufficient to establish the elements of intentional infliction of emotional distress. As for the extreme and outrageous conduct element, Plaintiff's motion fails for the reasons articulated above. The assertions in D.K.'s affidavit are also insufficient to establish as a matter of law the intent or recklessness element. With respect to the latter two elements, the Court finds that D.K.'s affidavit is insufficient. Specifically, D.K.'s assertions that Curtis' behavior made her feel "uncomfortable" and caused her "to cry in the weight room sometimes" are insufficient to establish as a matter of law that D.K. suffered *severe* emotional distress. With respect to her claim of battery, D.K.'s unrefuted assertions are sufficient to establish that Curtis committed battery. Accordingly, the undersigned recommends that Plaintiff's motion be be denied as to her IIED claim, but granted as to her battery claim.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Plaintiffs' Motion for Partial Summary Judgment Against Defendant Curtis on Liability</u>, (Dkt. #122), be **granted in part and denied in part** as detailed herein. Specifically, the undersigned recommends that Plaintiffs' motion be granted as to their claims of battery, but denied as to their claims of intentional infliction of emotional distress.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file

objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:  December 8, 2015

 /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge