UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MADISON KING, *et al.*,

    Plaintiffs,

v

CHAD CURTIS, *et al.*,

    Defendants.

_____/

Case No. 1:14-cv-403

HON. JANET T. NEFF

## OPINION AND ORDER

Plaintiffs initiated this case in April 2014. An Order of Reference to the Magistrate Judge was entered on July 21, 2015 (Dkt 92). In September 2015, Plaintiffs filed a motion for partial summary judgment (Dkt 122). The Magistrate Judge issued a Report and Recommendation (R&R), recommending that the motion be granted in part and denied in part (Dkt 190). Now pending before the Court is Plaintiffs' December 22, 2015 Objection to the Report and Recommendation (Dkt 195). On January 5, 2016, Defendant Lakewood Public Schools, Defendant Lakewood Public Schools Board of Education and James Roes 1-10 (collectively the "Lakewood Defendants"), filed a response to Plaintiffs' Objection (Dkt 201). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which Objection was made. For the reasons that follow, the Court denies Plaintiffs' Objection and approves and adopts the Report and Recommendation.

## I. BACKGROUND

Plaintiffs filed this case on April 11, 2014, alleging that Defendant Curtis sexually assaulted Plaintiffs while Curtis was a substitute teacher and worked in Lakewood High School's weight room. Defendant Curtis was convicted by a jury of six charges of criminal sexual conduct involving three of the four Plaintiffs and is currently serving a 7–15 year prison sentence (Dkt 1, Compl. ¶ 3). Against Defendant Curtis, Plaintiffs allege Battery (Count I) and Intentional Infliction of Severe Emotional Distress (IIED) (Count II). Against Defendant Lakewood Public Schools and Defendant Lakewood Public Schools Board of Education (collectively the "School Defendants"), Plaintiffs allege a Violation of the Educational Amendments of 1972 (Title IX), 20 U.S.C. § 1981 et seq. (Count III). Last, against the Lakewood Defendants, Plaintiffs allege a violation of Plaintiffs' constitutional rights, brought under 42 U.S.C. § 1983 (Count IV). The Lakewood Defendants, in turn, filed a Third-Party Complaint against Defendant Professional Contract Management, Inc. (PCMI) (Dkt 107).

On September 18, 2015, Plaintiffs filed a "Motion for Partial Summary Judgment Against Defendant Curtis on Liability" (Dkt 122), arguing that Curtis' "criminal convictions established certain facts beyond a reasonable doubt which also establish each and every fact necessary to prove liability against Defendant Curtis on these [civil] claims, leaving only damages and the extent of Plaintiffs' emotional distress to be resolved by trial" (Dkt 123 at 2-3). Defendant PCMI filed a Response to Plaintiffs' motion (Dkt 131), as did Defendant Curtis (Dkt 132). Plaintiffs filed a Reply (Dkt 141). Following a motion hearing on October 26, 2015, the Magistrate Judge took the motion under advisement and permitted supplemental briefing (Order, Dkt 145).

On December 8, 2015, the Magistrate Judge issued a Report and Recommendation,

recommending that this Court grant Plaintiffs' motion as to Plaintiffs' claims of Battery but deny the motion as to their IIED claims (R&R, Dkt 190 at 9). On December 22, 2015, Plaintiffs filed the instant Objection (Dkt 195), to which the Lakewood Defendants responded (Dkt 201). PCMI did not file a response.

## II. DISCUSSION

**A.  Standard of Review**

"[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court," with certain exceptions, including "a motion ... for summary judgment." 28 U.S.C. § 636(b)(1)(A). "[A] judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A)..." 28 U.S.C. § 636(b)(1)(B).

"Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1). *See also* FED. R. CIV. P. 72(b)(2) (Objections). "Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof." W.D. Mich. LCivR 72.3(b) (Review of case-dispositive motions). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). *See also* FED. R. CIV. P. 72(b)(3) (Resolving Objections).

**B.    Analysis**

In their Objection, Plaintiffs request that this Court accept the Magistrate Judge's Report and Recommendation, "with the exception that this Court grant summary judgment on Plaintiffs' IIED claim[s], and hold that consent is unavailable as a defense to all Defendants in this matter" (Obj., Dkt 195 at 7).  First, regarding their IIED claims, Plaintiffs argue that "based on the law and the undisputed material facts, no reasonable juror could find for Defendant Curtis on the grounds that his conduct was not extreme or outrageous, that Defendant Curtis's [conduct] was not intentional, or that Plaintiffs were not severely emotionally injured" (Obj., Dkt 195 at 5).  Plaintiffs conclude that summary judgment on the IIED claims should be granted for Plaintiffs (*id.*).  Second, on the matter of consent, Plaintiffs argue that "given Judge Carmody's findings, Lakewood Defendants' representations, and all Defendants' failure to plead consent as an affirmative defense, this Court [should] hold that Lakewood Defendants and Third-Party Defendant PCMI also are prohibited from claiming that Plaintiffs 'consented' to Defendant Curtis's misconduct" (*id.* at 6-7).

In their response to Plaintiffs' Objection, the Lakewood Defendants take no position on the Magistrate Judge's recommendation regarding Curtis' liability for Plaintiffs' claims against him (Dkt 201).  However, they assert that Plaintiffs' request for an order restricting the legal arguments available to the Lakewood Defendants or Third-Party Defendant PCMI is not properly before this Court (*id.* at 2-3).  Specifically, the Lakewood Defendants point out that Plaintiffs, in their Motion for Partial Summary Judgment Against Defendant Curtis on Liability, made only one argument, to wit: that summary judgment against Defendant Chad Curtis was warranted (*id.* at 2).  The Lakewood Defendants emphasize that Plaintiffs did not seek relief against either the Lakewood Defendants or PCMI, nor did Magistrate Judge Carmody consider whether such relief is appropriate (*id.*).

Accordingly, the Lakewood Defendants conclude that this Court should deny Plaintiffs' request to prohibit the Lakewood Defendants or PCMI from claiming that Plaintiffs "consented" to Defendant Curtis's misconduct (*id.*).

Plaintiffs' Objection is properly denied.

**1. IIED.** Plaintiffs do not express disagreement with the Magistrate Judge's recitation of the elements for an IIED claim or the law for applying the collateral estoppel doctrine. Their first objection is limited to application of the law to the facts at bar.

On the first IIED element, "extreme and outrageous misconduct," Plaintiffs opine that "[t]he Court cannot leave it to jurors to conclude that [Curtis' misconduct] is not extreme and outrageous misconduct" (Objs., Dkt 195 at 5). However, as the Magistrate Judge pointed out, Plaintiffs, who bear the burden on this question, did not identify any relevant Michigan authority in support of their proposition that the element is not a jury question (R&R, Dkt 190 at 3-4). Nor do Plaintiffs in their Objection address the contrary Michigan authority identified by the Magistrate Judge (*id.* at 4-5, citing *McCalla v. Ellis*, 341 N.W.2d 525, 528 (Mich. Ct. App. 1983) ("The question of whether defendant Ellis's rape of plaintiff was sufficiently outrageous and extreme as to render him liable for intentional infliction of emotional distress is a matter of determination by the trier of fact.")).

Even assuming arguendo that Plaintiffs established the first IIED element as a matter of law, Plaintiffs have not established the second or fourth IIED elements, "intent" and "severe emotional distress," for purposes of collateral estoppel. Plaintiffs' objection fails to address, let alone reveal any error in, the Magistrate Judge's determinations that Plaintiffs are not entitled to relief as to these elements where neither were elements of the crimes of which Curtis was convicted (R&R, Dkt 190

5

at 5-6).[1]

In sum, Plaintiffs' objection supplies no basis for rejecting the Magistrate Judge's recommendation to deny Plaintiffs' "Motion for Partial Summary Judgment Against Defendant Curtis on Liability" as to their IIED claims.

**2. *Consent.*** The Court agrees with the Lakewood Defendants that Plaintiffs' request to restrict the legal arguments available to the Lakewood Defendants or Third-Party Defendant PCMI is not properly before this Court. The request was not part of Plaintiffs' underlying motion, and the Magistrate Judge did not rule on the topic. *See generally Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (observing that "[c]ourts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits de novo review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate"). Accordingly, the Court also denies Plaintiffs' second "objection." Therefore,

**IT IS HEREBY ORDERED** that Plaintiffs' Objections (Dkt 195) are DENIED, and the Report and Recommendation (Dkt 190) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiffs' "Motion for Partial Summary Judgment Against Defendant Curtis on Liability" (Dkt 122) is GRANTED IN PART and DENIED IN PART, for the reasons stated in the Report and Recommendation.

Date:  January 19, 2016                         /s/ Janet T. Neff
                                                JANET T. NEFF
                                                United States District Judge

---

[1] Plaintiffs also fail to address how collateral estoppel could apply to establish liability as to the fourth plaintiff, D.K., whom Defendant Curtis was not convicted of sexually assaulting.