UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MADISON KING, et. al.,

        Plaintiffs,                            Hon. Janet T. Neff

v.                                                Case No. 1:14-cv-403

CHAD CURTIS, et al.,

        Defendants.

_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on <u>Third-Party Defendant Professional Contract Management, Inc.'s Motion for Summary Judgment</u>. (ECF No. 214). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's Motion be **granted**.

**BACKGROUND**

In 2013, Defendant Chad Curtis was convicted of two counts of Second Degree Criminal Sexual Conduct, one count of Third Degree Criminal Sexual Conduct, and two counts of Fourth Degree Criminal Sexual Conduct. *People v. Curtis*, Case No. 318699, Opinion (Mich. Ct. App., Feb. 12, 2015). On April 11, 2014, Plaintiffs[1] initiated in this Court an action against Chad Curtis, Lakewood Public Schools, Lakewood Public Schools Board of Education, and ten unidentified individuals. The Lakewood Defendants and the ten unidentified individuals subsequently asserted a third-party claim for

---

[1] There are four plaintiffs in this matter. Defendant Curtis was criminally convicted of sexually assaulting three of the Plaintiffs (King, K.S., and Jane Doe). Curtis was not charged with criminal conduct as to the fourth Plaintiff (D.K.).

indemnification against Professional Contract Management, Inc. (PCMI). Third-Party Defendant PCMI now moves for summary judgment.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).  The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324).  While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357.  The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir.

2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record

contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

In 2010, PCMI and Lakewood Public Schools executed a contract whereby PCMI would provide to Lakewood Public Schools employees in a variety of categories including substitute teachers. (ECF No. 214-2 at PageID.1181-90). This contract contains an indemnification provision which provides, in relevant part:

> PCMI shall indemnify and hold the District (and its officers, trustees and agents) harmless from and against all liabilities, damages, fines, penalties, demands, forfeitures, claims, suits, causes of action or any other liabilities or losses, including all costs of defense, settlement and prosecution along with attorney, expert and other professional fees, arising out of or related to any negligence, wrongful act or breach of this Agreement or the obligation of PCMI or any of its employees or others for whom it is responsible in connection with the performance of the Agreement.

(ECF No. 214-2 at PageID.1186).

Plaintiffs allege that Defendants Lakewood Public Schools and Lakewood Public Schools Board of Education (collectively the Lakewood Defendants) violated Title IX by failing to properly respond to the sexual assaults perpetrated on Plaintiffs by Defendant Chad Curtis. The Lakewood Defendants assert in their third-party complaint that "PCMI is contractually obligated to indemnify the

Lakewood Defendants from any judgment against them resulting from Chad Curtis' conduct and to reimburse and hold the Lakewood Defendants harmless for any costs necessary to defend against the allegations contained in [Plaintiffs'] Complaint." (ECF No. 107 at PageID.495).

Title IX provides, in pertinent part, that "[n]o person. . .shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). While Title IX itself does not provide for a private right of action, the Supreme Court long ago concluded that Title IX is enforceable through an implied private right of action for monetary damages. *See Cannon v. University of Chicago*, 441 U.S. 677 (1979). The Court later held that sexual harassment constitutes intentional discrimination within the purview of Title IX's private right of action. *See Franklin v. Gwinnett County Public Schools*, 503 U.S. 60, 74-75 (1992). In *Gebser v. Lago Vista Independent School District*, 524 U.S. 274 (1998), the Court defined the contours of this right of action. *Id.* at 281.

The Court determined that while Title IX imposes a duty on schools "not to discriminate on the basis of sex," it would nevertheless "frustrate the purposes" of Title IX to permit recovery for a teacher's sexual harassment of a student based on principles of respondeat superior or constructive notice. *Id.* at 281-86. Accordingly, the Court held that "a damages remedy will not lie under Title IX unless an official who at a minimum has authority to address the alleged discrimination and to institute corrective measures on the recipient's behalf has actual knowledge of discrimination in the recipient's programs" and responds to such in a manner that constitutes "deliberate indifference to discrimination." *Id.* at 290.

Thus, in the context of Plaintiffs' Title IX claims, it is not Curtis' sexual misconduct that exposes Defendants to potential liability, but instead liability is permitted only if it is determined that

Defendants failed to properly respond to Curtis' misconduct. *See, e.g., Davis v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 645-46 (1999) ("[l]iability in [*Gebser*] did not arise because the 'teacher's actions [were] treated' as those of the funding recipient; the district was directly liable for its own failure to act"); *McCoy v. Board of Educ., Columbus City Schools*, 515 Fed. Appx. 387, 391 (6th Cir., Feb. 13, 2013) (Title IX liability exists only where "officials of a recipient entity with authority to take corrective action, having been advised of a Title IX violation, decide not to remedy the violation"); *A.W. v. Humble Independent School Dist.*, 25 F.Supp. 973, 985 (S.D. Tex. 2014) ("it is not the harassment itself that constitutes the Title IX violation but, instead, the deliberate failure to curtail known harassment"); *Peer v. Porterfield*, 2006 WL 3898263 at *6 (W.D. Mich., Jan. 8, 2007) (liability under Title IX "arises only from 'an official decision by the recipient not to remedy the violation'").

The Lakewood Defendants assert that they are entitled to indemnification for any judgment against them "resulting from Chad Curtis' conduct." To the extent Defendants face liability in response to Plaintiffs' Title IX claims, however, such is the result of their own conduct. The same conclusion is appropriate with respect to Plaintiffs' failure to train claims as such require Plaintiffs to prove that their injuries were caused by a Defendant's policy or custom. *See Ellis v. Cleveland Mun. School Dist.*, 455 F.3d 690, 700 (6th Cir. 2006).

The contract between PCMI and Lakewood Public Schools contains a provision that states that "[t]he above promise of Indemnity and defense shall not apply to liability which results from the sole negligence, *wrongful act* or breach of this Agreement *by the District or its employees or agents*." (ECF No. 214-2 at PageID.1186) (emphasis added). To the extent that the Lakewood Defendants face liability in this matter, such is the result of alleged wrongful acts by the Defendants' employees and agents. The Court concludes, therefore, that by the very terms of the parties' agreement,

PCMI is not required to indemnify Defendants in this matter. Accordingly, the undersigned recommends that Third-Party Defendant PCMI is entitled to summary judgment.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that <u>Third-Party Defendant Professional Contract Management, Inc.'s Motion for Summary Judgment</u>, (ECF No. 214), be **granted**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: October 27, 2016         /s/ Ellen S. Carmody
                               ELLEN S. CARMODY
                               United States Magistrate Judge