UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MADISON KING, *et al.*,

    Plaintiffs,

v

CHAD CURTIS, *et al.*,

    Defendants.

_____/

Case No. 1:14-cv-403

HON. JANET T. NEFF

## OPINION AND ORDER

Pending before the Court are the parties' objections to an October 27, 2016 Report and Recommendation (R&R, Dkt 285) and a November 1, 2016 Report and Recommendation (R&R, Dkt 286) of the Magistrate Judge. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Reports and Recommendations to which objections were made. For the reasons that follow, the Court denies the objections and approves and adopts both Reports and Recommendations.

### I.  BACKGROUND

Plaintiffs filed this case on April 11, 2014, alleging that Defendant Chad Curtis sexually assaulted Plaintiffs while Curtis was a substitute teacher and worked in Lakewood High School's weight room. Defendant Curtis was convicted by a jury of six charges of criminal sexual conduct involving three of the four Plaintiffs and is currently serving a 7–15 year prison sentence (Dkt 1, Compl. ¶ 3). Against Defendant Curtis, Plaintiffs allege Battery (Count I) and Intentional Infliction of Severe Emotional Distress (IIED) (Count II). Against Defendant Lakewood Public Schools and

Defendant Lakewood Public Schools Board of Education, whom the Magistrate Judge collectively references as "the Lakewood Defendants," Plaintiffs allege a Violation of the Educational Amendments of 1972 (Title IX), 20 U.S.C. § 1981 *et seq.* (Count III). Last, against Defendant Lakewood Public Schools, Defendant Lakewood Public Schools Board of Education and "James Roes 1-10," Plaintiffs allege a violation of Plaintiffs' constitutional rights, brought under 42 U.S.C. § 1983 (Count IV). The Lakewood Defendants and the ten unidentified individuals, in turn, filed a Third-Party Complaint against Defendant Professional Contract Management, Inc. (PCMI) (Dkt 107).

On September 18, 2015, Plaintiffs filed a "Motion for Partial Summary Judgment Against Defendant Curtis on Liability" (Dkt 122), arguing that Curtis' "criminal convictions established certain facts beyond a reasonable doubt which also establish each and every fact necessary to prove liability against Defendant Curtis on these [civil] claims, leaving only damages and the extent of Plaintiffs' emotional distress to be resolved by trial" (Dkt 123 at 2-3). On December 8, 2015, the Magistrate Judge issued a Report and Recommendation, recommending that this Court grant Plaintiffs' motion as to their Battery claims but deny the motion as to their IIED claims (R&R, Dkt 190 at 9). This Court subsequently denied Plaintiffs' objections and adopted the Magistrate Judge's Report and Recommendation (Op. & Order, Dkt 207).

In March 2016, the parties filed the following three dispositive motions: Third-Party Defendant PCMI's Motion for Summary Judgment (Dkt 214), the Lakewood Defendants' Motion for Summary Judgment (Dkt 215), and Plaintiffs' Motion for Summary Judgment (Dkt 217). On October 27, 2016, the Magistrate Judge issued a Report and Recommendation (R&R, Dkt 285), recommending that Third-Party Defendant PCMI's motion be granted. On November 1, 2016, the

Magistrate Judge issued another Report and Recommendation (R&R, Dkt 286), recommending that the Lakewood Defendants' Motion for Summary Judgment be granted in part and denied in part, and Plaintiffs' Motion for Summary Judgment be denied. Now pending before the Court are the Lakewood Defendants' November 10, 2016 objections (Dkt 287), to which PCMI filed a response (Dkt 295); Plaintiffs' November 15, 2016 objections (Dkt 289), to which the Lakewood Defendants filed a response (Dkt 296); and the Lakewood Defendants' November 15, 2016 objections (Dkt 290), to which Plaintiffs filed a response (Dkt 297).

## II. DISCUSSION

### A. Standard of Review

"[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court," with certain exceptions, including "a motion ... for summary judgment." 28 U.S.C. § 636(b)(1)(A). "[A] judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A). . ." 28 U.S.C. § 636(b)(1)(B).

"Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1). *See also* FED. R. CIV. P. 72(b)(2) (Objections). "Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof." W.D. Mich. LCivR 72.3(b) (Review of case-dispositive motions). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the

findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). *See also* FED. R. CIV. P. 72(b)(3) (Resolving Objections).

### B. October 27, 2016 Report and Recommendation (Dkt 285)

The Magistrate Judge recommends that this Court grant Third-Party Defendant PCMI's motion for summary judgment of the Third-Party Complaint. The Magistrate Judge reasoned that to the extent that the Lakewood Defendants face liability in this matter under Title IX for failure to properly respond to Curtis' misconduct, their liability is the result of the wrongful acts by the District, its employees or agents, and the express terms of the parties' indemnification agreement renders the promise of indemnity inapplicable to liability that results from wrongful acts by the District or its employees or agents (Dkt 285 at PageID.4835).

In their objections, the Lakewood Defendants assert that the Magistrate Judge erred in failing to "construe[] broadly" the contract language (Dkt 287 at PageID.4871-4872). The Lakewood Defendants assert that their wrongful conduct, if any, is, in fact, "related to" Curtis' misconduct inasmuch as but for Curtis' misconduct, the Lakewood Defendants "would not have had to take any steps to investigate or rectify his misconduct" (*id.* at PageID.4872).[1]

The Lakewood Defendants' objection is properly denied.

The Magistrate Judge considered the Lakewood Defendants' contract construction arguments, which were thoroughly presented in the underlying motion papers. The Lakewood

---

[1] The Lakewood Defendants also argue that because the Magistrate Judge indicates that the Lakewood Defendants' liability is limited to their "response" to Curtis' misconduct, PCMI remains contractually obligated to indemnify the Lakewood Defendants for any damages arising before April 27, 2012, i.e., any damages before the date the police arrived at the school to investigate Curtis' misconduct (Dkt 287 at PageID.4873). However, the Lakewood Defendants do not identify these damages, and the Court finds the argument misplaced, given the resolution of the motions at bar.

Defendants' objection demonstrates only their disagreement with the Magistrate Judge's analysis, and not any factual or legal error by the Magistrate Judge. Accordingly, the objection supplies no basis for rejecting the Magistrate Judge's recommendation to grant PCMI's motion.

### C. November 1, 2016 Report and Recommendation (Dkt 286)

**1.     Title IX (Count III)**

    a.     Plaintiffs' Teacher-to-Student Harassment Claim

The parties do not dispute that to prevail on their claims of teacher-to-student sexual harassment, Plaintiffs must establish that "(1) an official with the authority to institute corrective measures on the recipient's behalf; (2) had actual knowledge of the harassment ... ; and (3) the recipient's response to such knowledge exhibited deliberate indifference" (R&R, Dkt 286 at PageID.4849). The Magistrate Judge found that Defendant Lakewood Public Schools first possessed actual knowledge of Defendant Curtis' misconduct on April 27, 2012, and that Defendant Lakewood Public Schools Board of Education possessed actual knowledge of Defendant Curtis' misconduct "no sooner than April 27, 2012, and no later than May 2, 2012" (*id.* at PageID.4853). Defining "deliberate indifference" as existing where the "recipient entity's response to the harassment [is] clearly unreasonable in light of the known circumstances," the Magistrate Judge further determined that "whether Defendants responded to Curtis' misconduct with deliberate indifference is a question for a jury to resolve" (*id.* at PageID.4842, 4857). The Magistrate Judge therefore recommends that the Lakewood Defendants' motion and Plaintiffs' motion both be denied as to Plaintiffs' teacher-to-student Title IX claim (*id.* at PageID.4857).

      (1)    *Official with Authority*

As noted by the Magistrate Judge, the parties did not dispute the first element (R&R, Dkt 286 at PageID.4849).

      (2)    *"Actual Knowledge"*

Plaintiffs object to the Magistrate Judge's actual-knowledge analysis, arguing that the Magistrate Judge erred in determining that the Lakewood Defendants had no "actual knowledge" of Curtis' sexual harassment against students before April 27, 2012 (Dkt 289 at PageID.4879-4881). Relying on *Williams v. Paint Valley Local Sch. Dist.*, 400 F.3d 360, 363 (6th Cir. 2005), Plaintiffs argue that the Magistrate Judge improperly applied an "overly heightened 'actual knowledge' or 'actual notice' standard," a standard that Plaintiffs assert is contrary to the "substantial risk" standard applied in the Sixth Circuit (*id.* at PageID.4881-4885). Plaintiffs argue that the issue of pre-April 27, 2012 actual knowledge is a factual question that should be left to a jury (*id.* at PageID.4885-4888). Plaintiffs also assert that even if this Court adopts the overly heightened standard proposed in the Report and Recommendation, the three incidents described therein are enough to show actual knowledge and that the issue of pre-April 27, 2012 actual knowledge should be submitted to a jury (*id.* at PageID.4889).

In response, the Lakewood Defendants argue that Plaintiffs advocate for what is essentially a "constructive notice standard," which has been soundly rejected as an appropriate standard for holding a school district liable under Title IX (Dkt 296 at PageID.4944). The Lakewood Defendants point out that the Sixth Circuit in *Williams* was addressing the adequacy of a jury instruction, an inquiry that did not lead the appellate court to expressly modify the "actual notice" standard articulated by the Supreme Court but merely to conclude that the jury instruction adequately

informed the jury of the relevant considerations for making its decision (*id.* at PageID.4946-4947).

Plaintiffs' objection is properly denied.

Plaintiffs' argument about the second element of their claim was thoroughly presented in the underlying motion papers, and the Magistrate Judge carefully considered Plaintiffs' reliance on *Williams* therein (R&R, Dkt 286 at PageID.4846-4849). The Magistrate Judge rejected Plaintiffs' reliance on *Williams*, pointing out, as a threshold matter, that the inquiry before the *Williams* court was to decide whether the jury instruction given merited a new trial (*id.* at PageID.4846). The Magistrate Judge pointed out that in affirming the jury verdict, the *Williams* court did not explain or justify its citation to the Eighth Amendment deliberate indifference standard and that the *Williams* court inaccurately characterized its previous decision in *Vance v. Spencer County Public School Dist.*, 231 F.3d 253 (6th Cir. 2000) (*id.* at PageID.4847-4848). Plaintiffs' objection reveals only their disagreement with, but no error in, the Magistrate Judge's analysis.

Further, for the reasons stated more fully by the Lakewood Defendants in their response, the Court agrees that the Magistrate Judge's determination—that inclusion of the "substantial risk" standard in the context of analyzing the "actual knowledge" element is neither persuasive nor consistent with controlling Supreme Court authority—is well supported in the case law. *See Davis v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 642 (1999) ("the district could be liable for damages only where the district itself intentionally acted in clear violation of Title IX by remaining deliberately indifferent to acts of teacher-student harassment of which it had actual knowledge"); *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 492 (6th Cir. 2006) ("[E]ven if Clarke had constructive notice of Crawford's inappropriate interactions with Jill, this in no way translates into actual notice of widespread harassment such that Clarke can be deemed to have actually known that

plaintiff was subject to a hostile environment."); *Winzer v. Sch. Dist. of Pontiac*, 105 F. App'x 679, 681 (6th Cir. 2004) ("We have followed the Supreme Court's lead, as we must, in requiring actual knowledge of student-on-student sexual harassment in Title IX cases"); *Vance v. Spencer Cty. Pub. Sch. Dist.*, 231 F.3d 253, 258 (6th Cir. 2000); *Soper v. Hoben*, 195 F.3d 845, 854-855 (6th Cir. 1999).

Last, Plaintiffs' objection does not reveal error by the Magistrate Judge in applying the standard to the facts of this case to determine that Defendant Lakewood Public Schools first possessed actual knowledge of Defendant Curtis' misconduct on April 27, 2012 and that Defendant Lakewood Public Schools Board of Education possessed actual knowledge of Defendant Curtis' misconduct no sooner than April 27, 2012. For the reasons stated more fully by the Magistrate Judge, as well as Defendants, the Court agrees that the relevant case law demonstrates that the "actual notice" standard requires that school officials be aware of significantly more indicia of harassment than the three incidents upon which Plaintiffs rely in this case.

(3) *"Deliberate Indifference"*

Conversely, the Lakewood Defendants object to the Magistrate Judge's analysis of the third element—deliberate indifference. The Lakewood Defendants argue that because Plaintiffs were not subject to further sexual harassment after the Lakewood Defendants acquired actual knowledge, the Lakewood Defendants' response cannot, as a matter of law, constitute deliberate indifference to the harassment (Dkt 290 at PageID.4906-4909). The Lakewood Defendants argue that the Magistrate Judge mischaracterized the record as it relates to the District's Title IX investigation and emphasizes that, in any event, the District's putative failure to investigate cannot result in a deliberate indifference finding where the District took immediate and effective steps to end the harassment (*id.*

at PageID.4909-4913).

In response, Plaintiffs argue, in pertinent part, that the Magistrate Judge correctly determined that the Lakewood Defendants' motion for summary judgment should be denied with respect to Plaintiff's post-April 27, 2012 Title IX claim, as that is the date upon which law enforcement officials informed Lakewood Defendants that Plaintiffs had reported Curtis' sexual abuse (Dkt 297 at PageID.4967-4972). Plaintiffs opine that the Lakewood Defendants' objection should be rejected because they merely recite legal arguments already made in the school's briefing (*id.* at PageID.4967).

The Lakewood Defendants' objection is properly denied.

The Lakewood Defendants' arguments were thoroughly presented in the underlying motion papers. The Magistrate Judge carefully considered their arguments relevant to the record and the pertinent legal standard (R&R, Dkt 286 at PageID.4854-4856). The Court agrees with the Magistrate Judge's assessment that while school officials may not have entirely failed to act after April 27, 2012, "the proportionality of the school's response in light of available information lies at the heart of the indifference analysis" (*id.* at PageID.4854). The Court agrees that whether Defendants responded to Curtis' misconduct with deliberate indifference is a question for a jury to resolve.

In sum, the parties' cross-objections supply no bases for rejecting the Magistrate Judge's recommendation to deny both motions as to Plaintiffs' teacher-to-student Title IX claim.

b.  Plaintiffs' Student-to-Student Harassment Claim

The Magistrate Judge recommends that the Lakewood Defendants' motion be granted and Plaintiffs' motion be denied as to Plaintiffs' student-to-student (or peer-to-peer) Title IX claim. The Magistrate Judge found that Plaintiffs' evidence "neither establishes nor supports the inference that

the conduct of which Plaintiffs complain was based on Plaintiffs' gender" (Dkt 286 at PageID.4860). Instead, the Magistrate Judge found that the evidence reveals that the offending students were "motivated by personal animus towards Plaintiffs for having reported to police and school officials Defendant Curtis' misconduct" (*id.*).

In their objections, Plaintiffs argue that the Magistrate Judge erred in determining that the students' post-April 27, 2012 misconduct against Plaintiffs did not constitute prohibited sexual harassment (Dkt 289 at PageID.4889-4893). Plaintiffs opine that "there is no question that students' comments were 'sexual' because they referenced Plaintiffs' reports of sexual assault and often contained and/or consisted of sexually-loaded terms" (*id.* at PageID.4893). Plaintiffs contend that the continuing harassment that students inflicted upon Plaintiffs was prohibited sexual harassment because it "all involved sex," whether the harassment "(i) was based upon Defendant Curtis's physical sexual assault; (ii) referenced Curtis's sexual assault; (iii) consisted of sexually-loaded or accusatory name-calling like 'bitch,' 'slut,' or 'liar;' or (iv) was inflicted upon Plaintiffs because they reported sexual assault" (Dkt 297 at PageID.4970). Plaintiffs assert that if there is any question on this issue, then it should be submitted to a jury (Dkt 289 at PageID.4893).

In pertinent part, the Lakewood Defendants assert in response that the Magistrate Judge correctly articulated and applied the standard for Title IX liability for peer-to-peer harassment (Dkt 296 at PageID.4952-4955).

Plaintiffs' objection is properly denied.

Under Title IX, "[n]o person in the United States shall, *on the basis of sex*, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance...." 20 U.S.C. § 1681(a) [emphasis added].

10

Plaintiffs do not disagree with the premise that the harassment giving rise to a Title IX claim must be undertaken "on the basis of sex" (R&R, Dkt 286 at PageID.4859). However, the Court finds Plaintiffs' argument—that the harassment was prohibited under Title IX because it "all involved sex"—represents an improper construction of the phrase "on the basis of sex." "[T]he first element requires that the student be harassed *on the basis of his or her sex*," *Tumminello v. Father Ryan High Sch., Inc.*, No. 16-5165, 2017 WL 395106, at *2 (6th Cir. Jan. 30, 2017) [emphasis added], not merely that the harassment "all involved sex." Plaintiffs' allegations of harassment do not reveal that Plaintiffs were harassed because of their classification as females. The Court agrees with the Magistrate Judge's conclusion that the harassment does not fall within the ambit of Title IX.

In short, Plaintiffs' objection supplies no basis for rejecting the Magistrate Judge's recommendation to grant the Lakewood Defendants' motion and deny Plaintiffs' motion as to Plaintiffs' student-to-student (or peer-to-peer) Title IX claim.

c. Retaliation

Plaintiffs clarify that they did not assert a Title IX retaliation claim, and that the Court need not address any such claim (Dkt 289 at PageID.4879 n.1).

**2. Section 1983 (Count IV)**

The Magistrate Judge recommends that with respect to Plaintiffs' failure-to-train § 1983 claims against Defendant Lakewood Public Schools, Plaintiffs' motion for summary judgment be denied and Defendants' motion for summary judgment be denied (Dkt 286 at PageID.4866). To the extent that Plaintiffs asserted a failure-to-train claim against Defendant Lakewood Public Schools Board of Education, the Magistrate Judge recommends that Plaintiffs' motion for summary judgment be denied and Defendants' motion for summary judgment be granted (*id.* at PageID.4867).

In their objections to the Magistrate Judge's § 1983 analysis, Plaintiffs merely "urge this Court to grant summary judgment on their § 1983 claim ... for all of the reasons fully set forth in Plaintiffs' summary judgment briefing" (Dkt 289 at PageID.4894). This district's local rules require an objecting party to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b). The purpose of filing objections is not served if the district court is required to conduct a complete, de novo review of all of the motion papers that were considered by the magistrate judge. Because Plaintiffs' objections do not address, let alone identify any error in, the Magistrate Judge's § 1983 analysis, their "objection" is properly denied.

**3.     Summary**

Therefore, having determined the objections lack merit, this Court adopts the Magistrate Judge's Reports and Recommendations (Dkts 285 and 286) as the Opinion of this Court. Further, the Court will dismiss unknown Defendants "James Roe 1–10" for Plaintiffs' failure to timely identify these parties. Barring the parties' ability to achieve a settlement at the conference with the Magistrate Judge next month, this case will proceed to trial on the following remaining claims:

 I.    Battery—damages only (against Defendant Curtis);

 II.   Intentional Infliction of Severe Emotional Distress (against Defendant Curtis);

 III.  Title IX Teacher-to-Student Harassment (against Defendant Lakewood Public Schools and Defendant Lakewood Public Schools Board of Education); and

 IV.   Section 1983 Failure-to-Train (against Defendant Lakewood Public Schools).

Accordingly:

**IT IS HEREBY ORDERED** that the Lakewood Defendants' objections (Dkt 287) are DENIED, and the Magistrate Judge's Report and Recommendation (Dkt 285) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Third-Party Defendant PCMI's Motion for Summary Judgment (Dkt 214) is GRANTED for the reasons stated in the Report and Recommendation, and the Third-Party Complaint is DISMISSED.

**IT IS FURTHER ORDERED** that Plaintiffs' objections (Dkt 289) and the Lakewood Defendants' objections (Dkt 290) are DENIED, and the Magistrate Judge's Report and Recommendation (Dkt 286) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Lakewood Defendants' Motion for Summary Judgment (Dkt 215) is GRANTED IN PART and DENIED IN PART for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Summary Judgment (Dkt 217) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that Unknown Defendants "James Roe 1-10" are DISMISSED without prejudice for Plaintiffs' failure to timely identify these parties.

Date: March 1, 2017                                /s/ Janet T. Neff
                                                   JANET T. NEFF
                                                   United States District Judge