UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MADISON KING, et. al.,

        Plaintiffs,                                  Hon. Janet T. Neff

v.                                          Case No. 1:14-cv-403

CHAD CURTIS, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion Seeking Entry of an Order that Judgment be Satisfied from Defendant Chad Curtis's Equitable Share of Assets, Enjoining Asset Transfers, Compelling Examination of Chad and Candace Curtis to Disclose Assets Fraudulently Conveyed, Joinder of Candace Curtis, and Award of Attorney Fees and Costs to Plaintiff.  (ECF No.409).  Plaintiff, in an effort to obtain satisfaction of her judgment against Defendant Chad Curtis, requests a variety of relief.  The Court has already ruled on certain aspects of Plaintiff's motion and held in abeyance other aspects thereof.  (ECF No. 413, 417).  The present Report and Recommendation concerns only Plaintiff's request for an Order "making Candace [Curtis] a party to these proceedings."  Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that this aspect of Plaintiff's motion be **granted** and **Candace Curtis be joined as a party to this action going forward**. The remainder of the motion, specifically that an order enter that judgment be satisfied from Defendant Chad Curtis' equitable share of assets, will be considered at a later date.

I.          **Background**

On October 12, 2017, the Honorable Janet T. Neff conducted a bench trial after which she entered judgment "against Defendant Chad Curtis and in favor of Plaintiff Madison King in the amount of $1,800,000.00."  (ECF No. 363).   On May 8, 2018, Plaintiff submitted the present motion seeking various types of post-judgment relief in aid of obtaining satisfaction of her judgment against Defendant.

The Federal Rules of Civil Procedure provide that the procedure on execution of a money judgment, as well as proceedings supplementary to and in aid of judgment or execution, "must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."  Fed. R. Civ. P. 69(a)(1).  Michigan Court Rule 2.621 articulates the applicable procedure:

> (A) Relief Under These Rules. When a party to a civil action obtains a money judgment, that party may, by motion in that action or by a separate civil action:
>
> > (1) obtain the relief formerly obtainable by a creditor's bill;
> >
> > (2) obtain relief supplementary to judgment under MCL 600.6101-600.6143 and
> >
> > (3) obtain other relief in aid of execution authorized by statute or court rule.

Michigan law also articulates a procedure for joining third parties who possess property in which a judgment debtor may possess an interest.   Specifically, Michigan law provides that:

> (1) Where it appears to the court that:
>
> > (a) The judgment debtor may have an interest in or title to any real property, and such interest or title is disclaimed by the judgment debtor or disputed by another person;

(b) The judgment debtor may own or have a right of possession to any personal property, and such ownership or right of possession is substantially disputed by another person; or

(c) A third party is indebted to the judgment debtor, and the obligation of the third party to pay the judgment debtor is disputed; the court may, if the person or persons claiming adversely is a party to the proceeding, adjudicate the respective interests of the parties in such debt or real or personal property, and may determine such property to be wholly or in part the property of the judgment debtor, or that the debt is owed the judgment debtor.

(2) If the person claiming adversely to the judgment debtor is not a party to the proceeding, the court shall by show cause order or otherwise cause such person to be brought in and made a party thereto, and shall set such proceeding for early hearing.

Mich. Comp. Laws § 600.6128.

As the Sixth Circuit only recently held, this is not an onerous burden for Plaintiff to meet.  In *Presidential Facility, LLC v. Pinkas*, 607 Fed. Appx. 473 (6th Cir., Apr. 14, 2015), the Court examined Mich. Comp. Laws § 600.6128.   With respect to the showing necessary to invoke this provision and add a third party to an action, the court stated:

> The creditor must present evidence that the judgment debtor "may have" an interest in property held by a third party.  This is not an onerous burden as "the word 'may' indicates a possibility," not a certainty.   Michigan courts consider an alleged fraudulent transferee to be a "person claiming adversely" within the meaning of MCL § 600.6128, whether or not that party affirmatively asserts his or her interest in the transferred assets.

*Pinkas*, 607 Fed. Appx. at 474-75 (internal citations omitted).

Plaintiff has presented evidence sufficient to satisfy this burden.   Plaintiff asserts that Defendant fraudulently transferred to Candace Curtis certain property and/or assets for the improper purpose of preventing Plaintiff from obtaining satisfaction of her judgment.   As detailed in Plaintiff's motion, conversations between Defendant and Candace Curtis reveal the pair's express desire to transfer, title, and/or dispose of assets owned or controlled by Defendant and/or

3

Candace Curtis for the express purpose of preventing Plaintiff from satisfying her judgment against Defendant.

For example, on October 14, 2017, only two days after entry of judgment against Defendant, Candace Curtis stated to Defendant that she had spoken with her attorney for the purpose of protecting certain assets from attachment by Plaintiff.  (ECF No. 409, Exhibit 53). On November 17, 2017, Candace Curtis requested that Defendant surrender all his assets as part of their impending divorce for the express purpose of preventing Plaintiff from collecting on her judgment.  (ECF No. 409, Exhibit 55).  On November 21, 2017, Defendant acknowledged that in the event that he and Candace Curtis divorce, "there will either be money going to [Plaintiff] or we'll have to be shady."  (ECF No. 409, Exhibit 60).  On January 8, 2018, a Consent Judgment of Divorce was entered pursuant to which Candace Curtis received what appears to be a significantly greater share of the subject assets.  (ECF No. 426).

Accordingly, the undersigned ordered Candace Curtis to show cause "why she should not be made party to the present action."  (ECF No. 413 at PageID.5847).  In response, Curtis does not dispute the evidence on which Plaintiff's request rests, but instead advances various arguments that this Court lacks jurisdiction to hear Plaintiff's claims of allegedly fraudulent asset transfer.  The Court is not persuaded.

## II.        Domestic Relations and Probate Exceptions to Federal Jurisdiction

Candace Curtis first argues that this Court "lacks subject matter jurisdiction over claims against [her] under the 'domestic relations exception' and the 'probate exception' to federal jurisdiction."  First, the Court notes that no claims have been asserted against Candace Curtis. Instead, Plaintiff is challenging transfers of property and/or assets allegedly accomplished by Defendant for fraudulent purposes.  Candace Curtis is being joined as party in this action, not

4

because Plaintiff has asserted claims against her, but rather because Curtis controls and/or possesses the assets and/or property that has allegedly been fraudulently transferred by Defendant, against whom Plaintiff's claims rest.

A.    Probate Exception

Under the probate exception to federal jurisdiction, "federal courts are prohibited from exercising jurisdiction over certain conflicts involving property subject to a state court probate proceeding." *Osborn v. Griffin*, 865 F.3d 417, 434 (6th Cir. 2017). This exception is "of distinctly limited scope" and is "essentially a reiteration of the general principle that, when one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*." *Ibid.* (quoting *Marshall v. Marshall*, 547 U.S. 293, 310-11 (2006)). Accordingly, "the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." *Griffin*, 865 F.3d at 434 (quoting *Marshall*, 547 U.S. at 311-12). The property which has allegedly been fraudulently transferred is neither part of a decedent's estate nor in the custody of a state probate court. Accordingly, this exception has no applicability.

B.    Domestic-Relations Exception

The domestic-relations exception to federal jurisdiction is a "judicially created doctrine" with "questionable roots." *Chevalier v. Estate of Barnhart*, 803 F.3d 789, 794 (6th Cir. 2015) (citations omitted). The Supreme Court has reiterated that this exception "covers only a narrow range of domestic relations issues." *Marshall*, 547 U.S. at 307. Accordingly, the domestic-relations exception deprives federal courts of jurisdiction only if the plaintiff "seeks to

5

modify or interpret the terms of an existing divorce, alimony, or child-custody decree." *Chevalier*, 803 F.3d at 795.   To determine whether this exception applies, the Court examines "the remedy that the plaintiff seeks."   *Id.* at 797.   Unless the plaintiff seeks "issuance or modification or enforcement of a divorce, alimony, or child-custody decree" the domestic-relations exception does not apply.   *Ibid.*

Plaintiff is clearly not requesting that this Court issue or enforce a divorce agreement.   As for Curtis' argument that Plaintiff seeks to modify her divorce judgment by seeking to set aside asset transfers made pursuant thereto, the Court is not persuaded.   Plaintiff, a third-party to the divorce action, is invoking the Michigan Uniform Fraudulent Transfer Act (UFTA) to challenge certain allegedly fraudulent asset transfers that have been incorporated into the Curtis' divorce agreement.   The Michigan Supreme Court has held that Plaintiff's action does not constitute a collateral attack on the divorce judgment.

In *Estes v. Titus*, 481 Mich. 573 (2008), Estes filed a wrongful death action against Titus.   *Id.* at 577.   Soon thereafter, Titus' wife filed for divorce and judgment was subsequently entered which provided Titus' wife "with nearly all the marital assets pursuant to the parties' property settlement agreement."   *Ibid.*   Estes attempted to intervene in the Titus' divorce action, claiming that "the Titus' property settlement had been a fraudulent transfer within the meaning of the UFTA."   *Id.* at 577-78.   Estes was not permitted to intervene in the Titus' divorce action, so Estes later sought to obtain satisfaction of her judgment against Titus by invoking the UFTA to challenge certain asset transfers incorporated in the Titus' divorce judgment.   *Id.* at 577-78.

The Michigan Supreme Court rejected the argument that UFTA can never be invoked to challenge transfers of property in divorce actions.   *Id.* at 579.   As the court recognized, under Michigan law, "the jurisdiction of a divorce court is strictly statutory and limited to

6

determining the rights and obligations between the husband and wife, to the exclusion of third parties." *Id.* at 582-83. A third party can be joined to a divorce proceeding, based on allegations of fraud, only if the third party conspired with one spouse to defraud the other spouse. *Id.* at 582-83. As that was not the case, Estes was not permitted to intervene in the divorce action, but was instead relegated to invoking the UFTA in a different action. This is directly analogous to the situation presently before this Court.

As the *Estes* court held, "the UFTA applies to the transfer of property in a divorce judgment that incorporates a settlement agreement." *Id.* at 592. As the court further observed, "relief under the UFTA does not invalidate the divorce judgment itself" because ""relief under the UFTA is not premised on any irregularity in the divorce proceedings," but is instead "premised on the divorce court's lack of statutory authority to conduct a UFTA analysis within the divorce proceeding." *Id.* at 588-89. In sum, what Plaintiff is attempting to accomplish does not seek to modify or invalidate the Curtis' divorce judgment. Accordingly, the domestic-relations exception has no applicability in the present circumstance.

### III.        Forum Non Conveniens

Finally, Candace Curtis argues that this Court should decline jurisdiction under the doctrine of *forum non conveniens*, pursuant to which a federal court "may decline to exercise its jurisdiction, even though the court has jurisdiction and venue." *Hefferan v. Ethicon Endo-Surgery Inc.*, 828 F.3d 488, 492 (6th Cir. 2016). The doctrine of *forum non conveniens* "is essentially a supervening venue provision, permitting displacement of the ordinary rules of venue when, in light of certain conditions, the trial court thinks that jurisdiction ought to be declined." *Estate of Thompson ex rel. Estate of Rakestraw v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 364 (6th Cir. 2008) (citation omitted). Dismissal under this doctrine is appropriate only if Curtis can

establish that the present forum constitutes "oppressiveness and vexation. . .out of all proportion to plaintiff's convenience." *Id.* at 365 (citation omitted).   While Curtis may prefer that this matter be resolved in state court, the matter is nevertheless properly before this Court and there is no reasonable argument to be made that litigating this matter in this Court is oppressive or vexatious to Curtis.   Accordingly, the Court rejects this argument.

## <u>CONCLUSION</u>

For the reasons articulated herein, the undersigned recommends that Plaintiff's motion to join Candace Curtis as a party to this action going forward be **granted**. The undersigned further recommends that the remainder of Plaintiff's Motion Seeking Entry of an Order that Judgment be Satisfied from Defendant Chad Curtis's Equitable Share of Assets, Enjoining Asset Transfers, Compelling Examination of Chad and Candace Curtis to Disclose Assets Fraudulently Conveyed, Joinder of Candace Curtis, and Award of Attorney Fees and Costs to Plaintiff (ECF No.409), specifically that an order enter that judgment be satisfied from Defendant Chad Curtis' equitable share of assets, be taken under advisement.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.   28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: June 25, 2018                    /s/ Ellen S. Carmody
                                       ELLEN S. CARMODY
                                       United States Magistrate Judge

8