UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MADISON KING, et al.,

    Plaintiffs,

v.

CHAD CURTIS, et al.,

    Defendants.
_____/

Case No. 1:14-cv-403

HON. JANET T. NEFF

## OPINION AND ORDER

Pending before the Court is Candace Curtis' Objections (ECF No. 449) to the Magistrate Judge's Report and Recommendation (ECF No. 434). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections were made. For the reasons that follow, the Court denies the objections and approves and adopts the Report and Recommendation as the Opinion of the Court.

### I

On October 12, 2017, this Court conducted a bench trial on Plaintiff Madison King's claim against Defendant Chad Curtis for damages for battery. This Court issued a Judgment that same day against Defendant Chad Curtis and in favor of Plaintiff King in the amount of $1,800,000.00 (ECF No. 363). In January 2018, a Consent Judgment of Divorce was entered between Chad and Candace Curtis (ECF No. 426). On May 8, 2018, following receipt of garnishment disclosures showing no records or open accounts or assets as to Chad Curtis (ECF Nos. 400, 402-406, 408),

Plaintiff King filed a "Motion Seeking Entry of an Order that Judgment be Satisfied from Defendant Chad Curtis's Equitable Share of Assets, Enjoining Asset Transfers, Compelling Examination of Chad and Candace Curtis to Disclose Assets Fraudulently Conveyed, Joinder of Candace Curtis, and Award of Attorney Fees and Costs to Plaintiff" (ECF No. 409).

Pursuant to the Order of Reference (ECF No. 92), the Magistrate Judge decided some aspects of the motion in Orders issued on May 16, 2018 (ECF No. 413) and May 24, 2018 (ECF No. 417). Specifically, the Magistrate Judge denied Plaintiff's request for an Order enjoining Candace Curtis from transferring or disposing of certain real and personal property (ECF No. 413). The Magistrate Judge held in abeyance Plaintiff's requests that the Court (1) find that Chad and Candace Curtis transferred assets for the improper purpose of preventing Plaintiff from obtaining satisfaction of judgment, (2) order that Chad Curtis' equitable interest in fraudulently conveyed assets be paid to Plaintiff, and (3) order Chad and Candace Curtis to pay attorney fees and other costs (*id.*). And the Magistrate Judge granted (1) Plaintiff's request for an Order prohibiting Chad Curtis from transferring or otherwise impairing or disposing of his property or assets, and (2) Plaintiff's request to conduct debtors' examinations of Chad and Candace Curtis (ECF No. 417).

On June 25, 2018, the Magistrate Judge issued a Report and Recommendation (R&R) concerning only Plaintiff's remaining request for an Order "making Candace [Curtis] a party to these proceedings" and recommended that this Court grant the request (ECF No. 434). On June 26, 2018, Candace Curtis filed a Notice of Bankruptcy (ECF No. 435), and this Court stayed this case pending termination of the bankruptcy proceedings (ECF No. 441).

On January 23, 2019, the bankruptcy court granted Plaintiff King's motion to dismiss the bankruptcy petition, determining that Candace Curtis was not seeking to reorganize in good faith but was "simply attempting to forestall, if not escape, the post-judgment collection proceedings in

the District Court" (Op., ECF No. 442-1 at PageID.6041). On February 5, 2019, this Court lifted its stay and set a deadline for any objections to the still pending Report and Recommendation (ECF No. 444). On February 19, 2019, Candace Curtis filed her Objections to the Report and Recommendation (ECF No. 449). On March 4, 2019, Plaintiff King filed a response to Candace Curtis' Objections (ECF No. 451).

II

In her objections to the Magistrate Judge's Report and Recommendation, Candace Curtis requests that the Court "modify" the Report and Recommendation to (1) reflect that she will not be foreclosed from (a) disputing the factual allegations in Plaintiff's motion (ECF No. 449 at PageID.6054-6056), or (b) objecting to admission of the recorded prison telephone conversations cited by Plaintiff (*id.* at 6056); and (2) "clarify" that Candace Curtis is being added as a party to this action for the limited purpose of determining Plaintiff's fraudulent transfer allegations under Michigan's Uniform Fraudulent Transfer Act (*id.* at PageID.6056-6058).

This Court's local rule requires a party objecting to a Magistrate Judge's report and recommendation to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b). Candace Curtis has not specifically objected to any portion of the Magistrate Judge's Report and Recommendation. Her argument fails to assert—let alone demonstrate—any factual or legal error in the Magistrate Judge's analysis or conclusion that she should be properly added as a party to this action.

Further, as noted, whether Chad and Candace Curtis transferred assets for the improper purpose of preventing Plaintiff from obtaining satisfaction of the Judgment and whether Chad Curtis' equitable interest in any fraudulently conveyed assets should be paid to Plaintiff are issues

3

that were expressly held in abeyance and will be decided at a later date. Therefore, Candace Curtis' requests for modifications are misplaced and are properly denied.

Last, the Court declines to "clarify" the Report and Recommendation to indicate that Candace Curtis is being added as a party for the limited purpose of determining Plaintiff's fraudulent transfer allegations under Michigan's Uniform Fraudulent Transfer Act. As clearly set forth in the Report and Recommendation, the Magistrate Judge recommends joining Candace Curtis as a party to this proceeding pursuant to MICH. COMP. LAWS § 600.6128.

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 449) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 434) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff King's request to join Candace Curtis as a party to this action is GRANTED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that the three pending requests presented in Plaintiff King's "Motion Seeking Entry of an Order that Judgment be Satisfied from Defendant Chad Curtis's Equitable Share of Assets, Enjoining Asset Transfers, Compelling Examination of Chad and Candace Curtis to Disclose Assets Fraudulently Conveyed, Joinder of Candace Curtis, and Award of Attorney Fees and Costs to Plaintiff" (ECF No. 409), delineated within this Opinion and Order, are DENIED WITHOUT PREJUDICE to raising via motion(s) filed at a later date to be determined at a Status Conference with Magistrate Judge Ellen S. Carmody. A separate Order will issue noticing the Status Conference.

Dated: March 11, 2019      /s/ Janet T. Neff
                                               JANET T. NEFF
                                               United States District Judge